JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PLATINUM DRYWALL CORP., *et al.*,

Plaintiffs,

v.

GENERAL MOTORS LLC, *et al.*,

Defendants.

Case No. 2:25-cv-10989-FLA (AGRx)

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [DKT. 11]**

1

## RULING

Before the court is Plaintiffs Platinum Drywall Corp. ("Platinum Drywall") and J. Jesus Gonzalez Lira's ("Lira" and, together, "Plaintiffs") Motion to Remand ("Motion") this action to the Los Angeles County Superior Court.  Dkt. 11 ("Mot."). On January 14, 2026, the court found this matter appropriate for resolution without oral argument and vacated the January 16, 2026 hearing on the Motion.  Dkt. 17; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons set forth herein, the court GRANTS Plaintiff's Motion and REMANDS the action to the Los Angeles County Superior Court.

## BACKGROUND

Plaintiffs filed their Complaint on August 27, 2025, in the Los Angeles County Superior Court, Case No. 25STCV25175, alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1793.2), as well as breach of the implied warranty of merchantability (Cal. Civ. Code §§ 1791.1, 1794), relating to their purchase of a 2022 Cadillac Escalade (the "Vehicle") from Defendant.  Dkt. 1-1 ("Compl.")[1] ¶¶ 7–34.  Plaintiffs served the Complaint on Defendant on August 29, 2025.  Dkt. 11-1 ¶ 5, at 5–6.

Defendant answered Plaintiffs' Complaint on September 25, 2025.  Dkt. 1-2 at 2–6; Dkt. 1 at 2.  Defendant removed the action to this court on November 15, 2025, more than two months after service of the Complaint, alleging it had "conducted a preliminary investigation and determined that Plaintiffs' citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue through Plaintiffs' allegations plausibly give rise to subject matter jurisdiction."  Dkt. 1 at 2.

---

[1] Citations to the Complaint refer to pages 11 through 17 of Dkt. 1-1.  The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

Plaintiffs filed the subject Motion on December 15, 2025, arguing, *inter alia*, that Defendant failed to comply with 28 U.S.C. § 1446(1)(b)(3)'s ("Section 1446") thirty-day window to remove an action to federal court, and that the Complaint was sufficient for Defendant to allege satisfaction of the amount in controversy upon removal.  Mot. at 10–15.  Defendant filed an opposition ("Opposition") on December 26, 2025.  Dkt. 13 ("Opp'n").

**DISCUSSION**

**I.       Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing only "power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  Federal courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

However, pursuant to Section 1446(b)(1), a notice of removal must be filed within thirty days after a defendant receives the initial pleading or summons.  Section 1446 is strictly construed against removal.  If removability is not apparent from the

3

initial pleading, the thirty-day removal period accrues "thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If a notice of removal is filed after this thirty-day window, it is untimely and remand to state court is therefore appropriate." *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

## II. Analysis

Plaintiffs argue remand is appropriate because Defendant failed to remove the action timely. Mot. at 10–15. The court agrees. Plaintiffs served the Complaint on August 29, 2025, and Defendant did not file its Notice of Removal until November 15, 2025—more than two months later and well outside Section 1446's thirty-day window for removal. *Compare* Dkts. 1, 11-1 ¶ 5, *with* Dkts. 1-1, 1-2. Defendant argues removal was timely because the Complaint did not establish the $75,000 amount in controversy unequivocally. Opp'n at 18–23.

Although the Complaint does not contain a clearly stated amount in controversy, *see generally*, Compl., Defendant provides no explanation for why it took 78 days (from August 29, 2025—when the Complaint was served, Dkt. 11-1 at

5–6—to November 15, 2025—when the action was removed, Dkt. 1) to determine the value of the Vehicle (for which a VIN number is included in the Complaint, Compl. ¶ 7) or any potential penalties or attorney's fees and costs Defendant seeks to include in calculating the amount in controversy, *see generally*, Dkt. 1, Opp'n.[2]  Plaintiffs make precisely this argument in their Motion, and Defendant's Opposition is noticeably silent on any explanation for the delay in determining federal jurisdiction.  Mot. at 10–15; *see generally*, Opp'n.

Defendant also argues Lira's citizenship and Platinum Drywall's state of incorporation and principal place of business could not be determined from the Complaint.  Opp'n at 19–20.  The Complaint, however, states Lira "[is], and at all times relevant herein was, [a] resident[] of Chino, California," and Platinum Drywall "is, and all times relevant herein was, a corporation incorporated under the laws of the state of California and authorized to conduct business in California."  Compl. ¶¶ 2–3.  Defendant's reliance on Lira's use of the term "resident," rather than "citizen," to claim indeterminate citizenship is unavailing.  Opp'n at 20–21.  Defendant's Notice of Removal states Defendant's "preliminary investigation also concluded that [Lira] resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California thus providing a plausible basis for citizenship," and that Platinum Drywall's "principal place of business is located in California[.]"  Dkt. 1 at 3.  Defendant does not explain the nature of its "investigation" or why it could not have determined any earlier that Plaintiffs were citizens of California given that "Lira resided in California when he purchased the subject vehicle" and the Complaint clearly states Platinum Drywall's

---

[2] Defendant argues the January 1, 2025 Song-Beverly Act amendments "expanded the formula for actual damages" to include "negative equity …, manufacturer's rebate[s] …, any third party sold optional equipment …, and unpaid financing."  Opp'n at 20–21.  Defendant, however, fails to identify how this new formula prevented its determination of removability within thirty days of service of the Complaint.  *See generally*, Opp'n.

"principal place of business is located in California." *Id.* The evidence before the court creates clear "doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Defendant had sufficient information to determine removability when Plaintiffs served the Complaint on August 29, 2025. Dkt. 11-1 ¶ 5, at 5–6. Defendant missed the September 29, 2025 removal deadline by 47 days.[3] Accordingly, the court GRANTS Plaintiffs' Motion and REMANDS the action to the Los Angeles County Superior Court.

<strong><u>CONCLUSION</u></strong>

The court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

1. The action is REMANDED to the Los Angeles County Superior Court, Case No. 25STCV25175.
2. All dates and deadlines in the action are VACATED.
3. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 13, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[3] Thirty days from August 29, 2025, was Sunday, September 28, 2025. Because the thirty-day deadline fell on a Sunday, the removal deadline was the next court business day following the weekend, *i.e.*, September 29, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C) (When a motion deadline "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").